1   Andrew D. Skale (SBN 211096)
    askale@mintz.com
2   Benjamin L. Wagner (SBN 243594)
    blwagner@mintz.com
3   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
    3580 Carmel Mountain Road, Suite 300
4   San Diego, CA 92130
    Telephone:  (858) 314-1500
5   Facsimile:  (858) 314-1501

6   Attorneys for Plaintiff
    LIGHTS OUT HOLDINGS, LLC
7

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10  LIGHTS OUT HOLDINGS, LLC., a          Case No. **'14CV0872 JAH  NLS**

11  California limited liability company,  **COMPLAINT FOR:**

12                          Plaintiff,     **1) TRADEMARK INFRINGEMENT;**
                                           **2) UNFAIR COMPETITION**
13        vs.
                                           **[JURY DEMANDED]**
14

15  NIKE, INC., an Oregon corporation,

16                          Defendant.

17

18        Lights Out Holdings, LLC ("Lights Out" or "Plaintiff") brings this suit for

19  trademark infringement, federal unfair competition, and common law unfair

20  competition against Nike, Inc. ("Nike" or "Defendant") and alleges as follows:

21                          **THE PARTIES**

22        1.    Plaintiff LIGHTS OUT HOLDINGS, LLC ("Lights Out") is a California

23  limited liability company with its principal place of business in San Diego,

24  California.

25        2.    Upon information and belief, Nike, Inc. is an Oregon corporation with

26  its principal place of business in Beaverton, Oregon.

27        3.    Defendant's actions alleged herein were those of itself, its agents and/or

28  licensees.

1

**JURISDICTION AND VENUE**

4.     This Court's jurisdiction rests upon 15 U.S.C. §§ 1121(a), 28 U.S.C. §§ 1338(a) & (b), and 28 U.S.C. § 1367(a).

5.     This Court has jurisdiction over the federal trademark infringement claim pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).

6.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and § 1367(a) as all claims herein form part of the same case or controversy.

7.     Personal jurisdiction exists over the Defendant because it conducts substantial business in California and therefore has sufficient contacts such that it would not offend traditional notions of fair play and substantial justice to subject Defendant to suit in this forum.  Defendant purposefully directed its harmful conduct alleged below at this forum, and purposefully availed itself of the benefits of California with respect to the claims alleged herein. A substantial part of the protected intellectual property in this action exists in this district.

8.     Venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. §1400 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTUAL ALLEGATIONS**

**The Valuable LIGHTS OUT Trademark**

9.     Shawne Merriman is a San Diego resident that turned his passion for football into a nationally recognized brand.  By high school, Shawne Merriman had earned himself the nickname "Lights Out" when, while at Frederick Douglass High School, he rendered four opposing players unconscious in the first half of one football game.

10.     After a distinguished collegiate career, Shawne Merriman made the 2005 NFL Draft, joined the Chargers and earned Defensive Rookie of the Year in his first

season.  His success brought the "Lights Out" name to fast national (and indeed international) prominence.

11.     Shawne Merriman saw an opportunity to develop a LIGHTS OUT brand that could motivate and excite consumers, a brand that could carry a message during and long after his NFL days.   In 2007, Shawne Merriman acquired U.S. Registration No. 2,885,212 (the '212 Registration) for LIGHTS OUT, along with all trademark rights and goodwill from the prior registrant.  Shortly thereafter, he assigned those rights to the company dedicated to further expanding the brand, Plaintiff Lights Out Holdings, LLC.

12.     The '212 Registration covers a broad range of apparel: "Clothing for men, women and children, namely, bottoms, boxer shorts, caps, hats, headwear, night wear, shirts, shorts, sleepwear, sweatshirts, tank tops, tops, T-shirts, underwear."  The registration enjoys a priority date of February 10, 2003, well before Nike's first use of LIGHTS OUT.  Because of its long-standing registration since September 14, 2004, the LIGHTS OUT mark became incontestable on September 15, 2010.

13.     The '212 Registration is attached as Exhibit A hereto.  Attached as Exhibit B is a true and correct copy of the assignment record from the USPTO's TESS online database, listing Lights Out as the owner of the '212 Registration.

14.     Since then, and long exceeding Shawne Merriman's March 5, 2013 retirement from the NFL, Lights Out's LIGHTS OUT apparel has enjoyed substantial success and popularity, and has been sold by Wal-Mart and ShawneMerriman.com, among other retailers.  The LIGHTS OUT apparel has been continuously used and sold and is extremely valuable to Lights Out.

### Nike's Infringing LIGHTS OUT Shirts and Other Apparel

15.     In light of the prominence brought to the brand by Shawne Merriman's NFL success, Nike entered into negotiations with Shawne Merriman on or about 2006 or 2007 for a LIGHTS OUT apparel line.  Nike has a history of creating product

lines to associate with famous athletes, including Nike Jordan, Nike Livestrong, Nike Lebron James Collection, and Nike Bones Owns.  Such use symbolized to the consumer (and indeed is intended to symbolize) an association with the athlete connected to the title, and naturally the LIGHTS OUT mark offered a powerful and distinct marketing advantage for Nike.

16.     However, those negotiations were ultimately unsuccessful. Nevertheless, after these discussions Nike decided to use the LIGHTS OUT clothing brand anyways.

17.     Nike uses the LIGHTS OUT mark for the LIGHTS OUT apparel line that distinguishes the clothing from other clothing lines and brands, and indeed has attained substantial success as a result of the powerful trademark. The clothing includes a wide variety of target markets, including general sports apparel, football products (e.g. jerseys), and baseball apparel, all of which plays off of the goodwill associated with the LIGHTS OUT mark.

18.     Nike knew that the LIGHTS OUT mark belonged to Shawne Merriman, and on information and belief was aware of the '212 Registration specifically protecting the mark for a broad array of apparel.  Nike's adoption of the LIGHTS OUT mark for use with apparel was intentional and a knowing violation of Lights Out's valuable rights.  Nike has made substantial sales of the LIGHTS OUT apparel since it began its infringement.

19.     Immediately after Lights Out saw that Nike was using its LIGHTS OUT mark, Lights Out contacted Nike.

20.     When Lights Out demanded that Nike cease and desist use of the LIGHTS OUT mark in December 2013, Nike refused to acknowledge that its conduct was infringing, and instead has continued selling the LIGHT OUT apparel up to the present.  Despite repeated efforts to negotiate a resolution without litigation, Nike has refused to acknowledge its substantial infringement of the LIGHTS OUT brand.

Accordingly, Lights Out brings this suit to protect its valuable trademark rights and seek recovery for their violation.

### FIRST CAUSE OF ACTION

### TRADEMARK INFRINGEMENT

### (15 U.S.C. §§ 1114, 1125 *et seq.* and Common Law)

21.    Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

22.    Plaintiff owns the LIGHTS OUT mark, including the incontestable '212 Registration.

23.    Defendant has used the LIGHTS OUT mark or a confusingly similar variation of the mark in connection with the sale, offering for sale, distribution or advertising of goods and/or services.  The marks are identical, used on the same goods (including shirts and football products such as jerseys), targeted at the same audience (including sports aficionados), and Nike's adoption was willful.

24.    Defendant's use of the infringing mark has caused confusion in the marketplace, is likely to cause both confusion and mistake, and is likely to deceive consumers; the marks used by Defendant are identical or substantially similar in sound, appearance and meaning to Plaintiff's trademark.

25.    Such use was done willfully and with knowledge that such use would or was likely to cause confusion and deceive others.

26.    As a direct and proximate result of Defendant's trademark infringement, Plaintiff has been damaged within the meaning of 15 U.S.C. § 1114 *et seq*.

27.    Defendant's use constitutes a counterfeit, which was willfully used, and thus Lights Out is entitled to statutory damages of up to $2 million per counterfeit mark per type of goods or services sold, offered for sale, or distributed, under 15 U.S.C. § 1117.

28.     As a direct and proximate result of Defendant's trademark infringement, Plaintiff has been damaged within the meaning of 15 U.S.C. § 1125 *et seq.*

29.     Plaintiff has suffered damages in an amount to be established after proof at trial or in the statutory amount.

30.     Plaintiff is further entitled to disgorge Defendant's profits for its willful sales and unjust enrichment.

31.     This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendant's acts were malicious, fraudulent, deliberate and willful, and taken in bad faith, entitling Plaintiff to its attorney's fees and a trebling of its damages.

32.     Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendant.  Thus, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION

### STATUTORY (Cal. B&P 17200 *et seq.*) AND COMMON LAW UNFAIR COMPETITION

33.     Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

34.     Plaintiff has trademark rights throughout the entire United States and California to the mark LIGHTS OUT.

35.     Defendant has committed acts of unfair competition, including the practices and conduct referred to in this Complaint.  These actions constitute unlawful, unfair or fraudulent business acts or practices, and/or unfair, deceptive, untrue or misleading business practices.  The actions were done in connection with sales or advertising.

36.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill.  As such, Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendant.  Accordingly, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

37.     By reason of such wrongful acts, Plaintiff is and was, and will be in the future, deprived of, among other damages, the profits and benefits of business relationships, agreements, and transactions with various third parties and/or prospective business relationship.  Defendant has wrongfully obtained profit and benefits instead of Plaintiff.  Plaintiff is entitled to compensatory damages and disgorgement of Defendant's said profits, in an amount to be proven at trial.

38.     Such acts, as alleged above, were done with malice, oppression and/or fraud, thus entitling Plaintiff to exemplary and punitive damages.

WHEREFORE, Plaintiff demands the following relief for each cause of action unless otherwise noted:

1.     A judgment in favor of Plaintiff and against Defendant on all counts;

2.     A preliminary and permanent injunction from trademark infringement and unfair business practices by Defendant;

3.     Damages in an amount to be determined at trial;

4.     Defendant's unjust enrichment and/or disgorgement of Defendant's profits;

5.     Trebling of damages for willful infringement and unfair competition;

5.     Exemplary and punitive damages (except as to relief for Cal. B&P 17200 *et seq.*);

6.     Pre-judgment interest at the legally allowable rate on all amounts owed;

7.     Statutory damages of up to $2 million under 15 U.S.C. § 1117(c) for infringement of a registered mark, including by use of a counterfeit mark;

8.    Costs and expenses;

9    Attorney's fees and other fees under, among others, 15 U.S.C. § 1117(a) *et seq.* as an exceptional case;

10.    Restitution; and

11.    Such other and further relief as this Court may deem just and proper.

Dated:  April 13, 2014                    MINTZ  LEVIN  COHN  FERRIS  GLOVSKY  AND
                                                         POPEO PC

                                          By    /s/Ben L. Wagner, Esq.

                                                Andrew D. Skale
                                                Benjamin L. Wagner
                                                Attorneys for Plaintiff
                                                LIGHTS OUT HOLDINGS, LLC

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues that are so triable.

Dated:  April 13, 2014

MINTZ  LEVIN  COHN  FERRIS  GLOVSKY  AND POPEO PC


By   /s/Ben L. Wagner, Esq.
Andrew D. Skale
Benjamin L. Wagner

Attorneys for Plaintiff
LIGHTS OUT HOLDINGS, LLC.

9