STANLEY J. PANIKOWSKI (Bar No. 224232)
stanley.panikowski@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant
NIKE, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGHTS OUT HOLDINGS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>NIKE, INC., an Oregon corporation,<br><br>Defendant. | Case No. 14-cv-0872 JAH NLS<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT NIKE, INC.**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant NIKE, Inc. ("Nike") hereby answers Plaintiff Lights Out Holdings, LLC's ("Plaintiff's") Complaint. Paragraph numbers in this document correspond to the paragraph numbers of the Complaint and respond to all allegations of the corresponding Complaint paragraph, up to the Affirmative Defenses section of this document. Within each paragraph, if an allegation is not expressly admitted, it is denied. Nike generally denies the allegations of wrongful conduct in the Complaint and denies any and all liability alleged in the Complaint.

## THE PARTIES

1.     Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 1, and on that basis, denies them.

2.     Nike admits the allegations in Paragraph 2.

-1-

3.     Because Paragraph 3 refers solely to other allegations of the Complaint, Nike incorporates by reference its responses to the other allegations of the Complaint.  To the extent a further response is required, Nike denies the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.     Paragraph 4 does not assert factual allegations, so no response is required.  Nike does not challenge this Court's subject matter jurisdiction over this action.  To the extent a further response is required, Nike denies the allegations in Paragraph 4.

5.     Paragraph 5 does not assert factual allegations, so no response is required.  Nike does not challenge this Court's subject matter jurisdiction over this action.  To the extent a further response is required, Nike denies the allegations in Paragraph 5.

6.     Paragraph 6 does not assert factual allegations, so no response is required.  Nike does not challenge this Court's subject matter jurisdiction over this action.  To the extent a further response is required, Nike denies the allegations in Paragraph 6.

7.     Paragraph 7 contains legal conclusions to which no response is required.  Nike admits that it conducts substantial business in California.  Nike does not contest this Court's personal jurisdiction over Nike with respect to this action.  Nike denies the remaining allegations in Paragraph 7.

8.     Nike denies the allegations in Paragraph 8, but does not contest venue in this district.

## FACTUAL ALLEGATIONS

9.     Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 9, and on that basis, denies them.

10.     Nike admits that Shawne Merriman was selected by the San Diego Chargers in the 2005 National Football League Draft, that he became a football

DLA PIPER LLP (US)
SAN DIEGO
WEST\248239125                                                                          14-CV-0872 JAH NLS

player for the Chargers in 2005, and that he was named the Associated Press National Football League Defensive Rookie of the Year after his first season with the Chargers.  Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 10, and on that basis, denies them.

11.     Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 11, and on that basis, denies them.

12.     Nike admits that United States Trademark Registration No. 2,885,212 exists.  Nike denies that the registration is valid and incontestable.  Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 12, and on that basis, denies them.

13.     Nike admits that Plaintiff has attached as Exhibit A to the Complaint a certificate of registration that purports to be United States Trademark Registration No. 2,885,212.  Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 13, and on that basis, denies them.

14.     Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 14, and on that basis, denies them.

15.     Nike admits and alleges that Nike is the world's leading innovator in athletic footwear, apparel, equipment and accessories; that Nike believes its mission is to bring inspiration and innovation to every athlete in the world; and that Nike innovates to serve the athlete and works closely with athletes to understand their needs.  Nike denies the remaining allegations in Paragraph 15.

16.     Nike denies the allegations in Paragraph 16.

17.     Nike denies the allegations in Paragraph 17.

18.     Nike denies the allegations in Paragraph 18.

19.     Nike denies that it has ever used the alleged LIGHTS OUT trademark. Nike lacks knowledge or information sufficient to form a belief about the truth or

1   falsity of the remaining allegations in Paragraph 19, and on that basis, denies them.

2       20.    Nike admits that it has denied that it ever infringed the alleged

3   LIGHTS OUT trademark.  Nike denies the remaining allegations in Paragraph 20.

4   **FIRST CAUSE OF ACTION**

5   **TRADEMARK INFRINGEMENT**

6   **(15 U.S.C. §§ 1114, 1125 *et seq.* and Common Law)**

7       21.    Paragraph 21 is an incorporation paragraph to which no response is

8   necessary.  To the extent a response is required, Nike incorporates by reference its

9   responses to all other paragraphs in the Complaint.

10       22.    Nike denies that United States Trademark Registration No. 2,885,212

11   is valid and incontestable.  Nike lacks knowledge or information sufficient to form

12   a belief about the truth or falsity of the remaining allegations in Paragraph 22, and

13   on that basis, denies them.

14       23.    Nike denies the allegations in Paragraph 23.

15       24.    Nike denies the allegations in Paragraph 24.

16       25.    Nike denies the allegations in Paragraph 25.

17       26.    Nike denies the allegations in Paragraph 26.

18       27.    Nike denies the allegations in Paragraph 27.

19       28.    Nike denies the allegations in Paragraph 28.

20       29.    Nike denies the allegations in Paragraph 29.

21       30.    Nike denies the allegations in Paragraph 30.

22       31.    Nike denies the allegations in Paragraph 31.

23       32.    Nike denies the allegations in Paragraph 32.

24   **SECOND CAUSE OF ACTION**

25   **STATUTORY (Cal. B&P 17200 *et seq.*) AND COMMON LAW UNFAIR**

26   **COMPETITION**

27       33.    Paragraph 33 is an incorporation paragraph to which no response is

28   necessary.  To the extent a response is required, Nike incorporates by reference its

responses to all other paragraphs in the Complaint.

34.    Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 34, and on that basis, denies them.

35.    Nike denies the allegations in Paragraph 35.

36.    Nike denies the allegations in Paragraph 36.

37.    Nike denies the allegations in Paragraph 37.

38.    Nike denies the allegations in Paragraph 38.

The 12 numbered paragraphs (there are two paragraphs numbered "5") following Paragraph 38 constitute Plaintiff's prayer for relief and do not themselves contain any factual allegations.  To the extent a response is required, Nike denies any factual allegations in these paragraphs and further denies that Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel by laches.  Nike has relied to its detriment upon Plaintiff's delay.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel by acquiescence.  Nike has relied to its detriment upon Plaintiff's acquiescence and delay.

### Fourth Affirmative Defense

Nike's alleged use of the phrase "lights out" is not a trademark use and/or constitutes fair use, and thus cannot constitute trademark infringement.

### Fifth Affirmative Defense

The '212 Registration is invalid and unenforceable.

/////

DLA PIPER LLP (US)
SAN DIEGO

WEST\248239125

14-CV-0872 JAH NLS

**<u>Sixth Affirmative Defense</u>**

Plaintiff abandoned use of the alleged LIGHTS OUT mark as associated with the '212 Registration.

**<u>Seventh Affirmative Defense</u>**

As a result of Plaintiff's maintenance of alleged trademark rights through false declarations or representations, Plaintiff's claims are barred by the doctrine of unclean hands and/or trademark misuse.

**<u>Eighth Affirmative Defense</u>**

Plaintiff's claims are barred because the terminology "lights out" fails to function as a trademark. The terminology is used ornamentally and does not function to identify Plaintiff's goods or to distinguish them from the goods offered by others, and thus Plaintiff is not entitled to maintain this suit or to assert infringement.

**WHEREFORE**, for the foregoing reasons, Nike respectfully requests that this Court dismiss this action in its entirety, with prejudice, that Nike be awarded its attorney's fees and costs, and that Nike be awarded such further relief as this Court deems just and proper.

**<u>COUNTERCLAIMS</u>**

Defendant/Counterclaimant NIKE, Inc. ("Nike") hereby brings its counterclaims against Counter-Defendant Lights Out Holdings, LLC ("Counter-Defendant") and alleges as follows:

**<u>The Parties</u>**

1.      Counterclaimant NIKE, Inc. is an Oregon corporation with its principal place of business in Beaverton, Oregon.

2.      Upon information and belief, Counter-Defendant is a California limited liability company with its principal place of business in San Diego, California.

**Jurisdiction and Venue**

3.      On April 13, 2014, Counter-Defendant filed its lawsuit for trademark infringement and unfair competition against Nike.

4.      This Court has subject matter jurisdiction over Nike's counterclaims under the provisions of 15 U.S.C. § 1121.

5.      This Court also has subject matter jurisdiction over Nike's counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

6.      An actual, substantial and continuing justiciable controversy exists between Nike and Counter-Defendant with respect to which Nike requires a declaration of rights.

7.      By filing its Complaint, Counter-Defendant has consented to the personal jurisdiction of this Court.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

9.      Counter-Defendant has asserted that it is the owner of U.S. Registration No. 2,885,212 (the "'212 Registration").

10.     Upon information and belief, the '212 Registration was originally owned by Loomworks Apparel, Inc. ("Loomworks") and used in connection with loungewear and intimate apparel for women.

11.     Counter-Defendant has alleged that Shawne Merriman ("Merriman") purchased the '212 Registration from Loomworks, along with all the goodwill associated with the alleged LIGHTS OUT mark, but, upon information and belief, Merriman did not purchase or receive an assignment of goodwill when he acquired the '212 Registration.

12.     Upon information and belief, upon Merriman's receipt of the '212 Registration, Merriman did not continue to use the alleged LIGHTS OUT mark in connection with loungewear and intimate apparel for women.

13.     Upon information and belief, the purchase of the '212 Registration was

designed to create merely the appearance of earlier trademark rights.

14. Upon information and belief, after Merriman's alleged transfer of the '212 Registration to Counter-Defendant, Counter-Defendant did not continue to use the alleged LIGHTS OUT mark in connection with loungewear and intimate apparel for women and does not currently use the alleged LIGHTS OUT mark in connection with loungewear and intimate apparel for women.

15. Upon information and belief, the alleged assignment of the '212 Registration from Loomworks to Merriman was an assignment-in-gross and, therefore, the assignment was invalid.

16. Upon information and belief, the alleged assignment of the '212 Registration from Merriman to Counter-Defendant was an assignment-in-gross and, therefore, the assignment was invalid.

17. Upon information and belief, Counter-Defendant has abandoned any proprietary interest in the phrase "lights out" by virtue of the aforementioned assignment-in-gross and by virtue of making only ornamental use of the phrase on apparel rather than making use as a trademark.

18. Counter-Defendant has nonetheless asserted the '212 Registration against Nike as a purported basis to interfere with one of Nike's baseball-related apparel lines and to seek monetary payment from Nike.

19. Nike, however, has not used and does not use the phrase "lights out" as a trademark.

20. In addition, the phrase "lights out" has been used in sports generally to describe athletes at the top of their game or an exceptional athletic performance.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement)

21. Nike incorporates and re-alleges Paragraphs 1-20 as if fully set forth herein.

22. Counter-Defendant has sued Nike in the present action, alleging

-8-

trademark infringement and unfair competition relating to the purported LIGHTS OUT trademark. As a result of at least the allegations contained in the Complaint and Nike's denial of the same, an immediate, real and justiciable controversy exists between Nike and Counter-Defendant with respect to the alleged infringement of the purported LIGHTS OUT trademark.

23. Counter-Defendant also contends that such alleged infringement has caused Counter-Defendant to suffer damages and irreparable injury.

24. Nike has not infringed, and does not infringe, directly, vicariously, contributorily or in any other way, the purported LIGHTS OUT trademark.

25. Nike is entitled to a declaratory judgment that it has not and does not infringe, directly, vicariously, contributorily or in any other way, the purported LIGHTS OUT trademark.

## SECOND COUNTERCLAIM

**(Declaration of Invalidity and Cancellation of U.S. Registration No. 2,885,212)**

26. Nike incorporates and re-alleges Paragraphs 1-25 as if fully set forth herein.

27. Counter-Defendant has sued Nike in the present action, alleging trademark infringement and unfair competition relating to the purported LIGHTS OUT trademark. As a result of at least the allegations contained in the Complaint and Nike's denial of the same, an immediate, real and justiciable controversy exists between Nike and Counter-Defendant with respect to the alleged infringement of the purported LIGHTS OUT trademark.

28. Counter-Defendant claims trademark rights in the '212 Registration based on an alleged assignment from Merriman, in which Merriman purported to transfer the LIGHTS OUT trademark, along with the associated goodwill.

29. Merriman claimed trademark rights in the '212 Registration based on an alleged assignment from Loomworks, in which Loomworks purported to transfer the LIGHTS OUT trademark, along with the associated goodwill.

-9-

30.     The alleged transfers from Loomworks to Merriman and from Merriman to Counter-Defendant were naked assignments or assignments-in-gross, in that the goodwill and business associated with the '212 Registration were not transferred, in violation of 15 U.S.C. § 1060.

31.     Accordingly, Counter-Defendant cannot establish that it has federal trademark rights in the alleged LIGHTS OUT mark.

32.     Nike is entitled to a declaratory judgment that the assignments from Loomworks to Merriman and from Merriman to Counter-Defendant were assignments-in-gross and did not validly transfer whatever rights Loomworks had in the alleged LIGHTS OUT mark to Merriman or Counter-Defendant.

33.     By virtue of Counter-Defendant's continued assertion of the '212 Registration against Nike, Nike is being damaged by the '212 Registration, and such registration should be cancelled by this Court under authority of 15 U.S.C. § 1119.

**THIRD COUNTERCLAIM**

**(Declaration of Abandonment)**

34.     Nike incorporates and re-alleges Paragraphs 1-33 as if fully set forth herein.

35.     Counter-Defendant has sued Nike in the present action, alleging trademark infringement and unfair competition relating to the purported LIGHTS OUT trademark.  As a result of at least the allegations contained in the Complaint and Nike's denial of the same, an immediate, real and justiciable controversy exists between Nike and Counter-Defendant with respect to the alleged infringement of the purported LIGHTS OUT trademark.

36.     Counter-Defendant has alleged that Merriman acquired the '212 Registration in 2007 and transferred the '212 Registration to Counter-Defendant in 2007.

37.     Upon information and belief, neither Merriman nor Counter-Defendant

DLA PIPER LLP (US)
SAN DIEGO

WEST\248239125

14-CV-0872 JAH NLS

has used the alleged LIGHTS OUT mark for loungewear or intimate apparel for women since 2007, the goods in connection with which the alleged LIGHTS OUT mark that is the subject of the '212 Registration was used and with which the goodwill associated with the alleged LIGHTS OUT mark was developed.

38.     Accordingly, the alleged LIGHTS OUT mark has been abandoned through non-use of more than three years.

39.     Nike is entitled to a declaratory judgment that the alleged LIGHTS OUT mark that is the subject of the '212 Registration has been abandoned.

40.     By virtue of Counter-Defendant's continued assertion of the '212 Registration against Nike, Nike is being damaged by the '212 Registration, and such registration should be cancelled by this Court under authority of 15 U.S.C. § 1119.

## FOURTH COUNTERCLAIM

**(Procurement of Registration through False or Fraudulent Declaration or Representation Pursuant to 15 U.S.C. § 1120)**

41.     Nike incorporates and re-alleges Paragraphs 1-40 as if fully set forth herein.

42.     Upon information and belief, when Merriman purportedly acquired the '212 Registration, he had no intention of continuing the business associated with the '212 Registration.

43.     Upon information and belief, when Counter-Defendant purportedly acquired the '212 Registration, it had no intention of continuing the business associated with the '212 Registration.

44.     Upon information and belief, when Counter-Defendant submitted its declaration in support of its renewal of the '212 Registration, it knew that it had not continued the business or otherwise maintained the goodwill associated with the '212 Registration.

45.     Upon information and belief, Counter-Defendant represented that the

-11-

LIGHTS OUT mark as associated with the '212 Registration was still in use with the same business and goodwill in its renewal declaration in order to induce the United States Patent and Trademark Office ("USPTO") to grant the renewal.

46.     Upon information and belief, the USPTO relied on Counter-Defendant's representation in granting the renewal.

47.     By virtue of Counter-Defendant's continued assertion of the '212 Registration against Nike, Nike is being damaged by the renewal of the '212 Registration, and Nike is entitled to damages under 15 U.S.C. § 1120.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant Nike prays for relief as follows:

A.     That Counter-Defendant's Complaint against Nike be dismissed in its entirety with prejudice and that a judgment be entered in favor of Nike and against Counter-Defendant;

B.     That Counter-Defendant take nothing by reason of its Complaint;

C.     For an entry of judgment declaring that Nike has not infringed and does not infringe, directly, vicariously, contributorily or in any other way, any purported right of Counter-Defendant in the phrase "Lights Out";

D.     For an entry of judgment declaring that the assignment from Loomworks to Merriman was an assignment-in-gross and therefore invalid;

E.     For an entry of judgment declaring that the assignment from Merriman to Counter-Defendant was an assignment-in-gross and therefore invalid;

F.     For an entry of judgment declaring that Merriman and Counter-Defendant abandoned the alleged LIGHTS OUT mark that is the subject of the '212 Registration;

G.     That the Court enter an order instructing the USPTO to cancel the '212 Registration;

H.     For an award of damages;

I.     For an award of Nike's attorney's fees and costs; and

DLA PIPER LLP (US)
SAN DIEGO

WEST\248239125

14-CV-0872 JAH NLS

1       J.     That Nike be granted all such other and further relief as the Court

2  deems just and proper.

3                    **JURY DEMAND**

4       Nike demands a trial by jury on all claims and defenses so triable.

5

6  Dated:  May 28, 2014            DLA PIPER LLP (US)

7

8                         By * /s/ Stanley J. Panikowski*
                          STANLEY J. PANIKOWSKI

9                            Attorneys for Defendant
                          NIKE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that, on May 28, 2014, I electronically filed the above

Answer and Counterclaims with the Clerk of the District Court using the CM/ECF

system, which sent notification of such filing to the following counsel of record

who are deemed to have consented to electronic service per Civil Local Rule 5.4:

Benjamin L. Wagner, Esq.
Mintz Levin Cohn Ferris Glovsky and Popeo P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Ph:  (858) 314-1500
Fax:  (858) 314-1501
Email:  bwagner@mintz.com

I further certify that, on May 28, 2014, I served the above Answer and

Counterclaims by e-mail on the following counsel of record:

Andrew D. Skale, Esq.
Mintz Levin Cohn Ferris Glovsky and Popeo P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Ph:  (858) 314-1500
Fax:  (858) 314-1501
Email:  askale@mintz.com

*/s/ Stanley J. Panikowski*
Stanley J. Panikowski

DLA PIPER LLP (US)
SAN DIEGO

WEST\248239125

-14-

14-CV-0872 JAH NLS