Andrew D. Skale (SBN 211096)
askale@mintz.com
Ben L. Wagner (SBN 243594)
blwagner@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone:  (858) 314-1500
Facsimile:   (858) 314-1501

Attorneys for Plaintiffs
LIGHTS OUT HOLDINGS, LLC
and SHAWNE MERRIMAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGHTS OUT HOLDINGS, LLC., a California limited liability company, SHAWNE MERRIMAN,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>NIKE, INC., an Oregon corporation,<br><br>                    Defendant. | Case No. 3:14-cv-00872-JAH-NLS<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1) TRADEMARK INFRINGEMENT;**<br>**2) UNFAIR COMPETITION;**<br>**3) FALSE ENDORSEMENT**<br><br>**[JURY DEMANDED]** |

Lights Out Holdings, LLC ("Lights Out") and Shawne Merriman (together, "Plaintiffs") bring this suit for trademark infringement, federal unfair competition, and common law unfair competition against Nike, Inc. ("Nike" or "Defendant") and allege as follows:

**THE PARTIES**

1. Plaintiff LIGHTS OUT HOLDINGS, LLC ("Lights Out") is a California limited liability company with its principal place of business in San Diego, California.

2. Upon information and belief, Nike, Inc. is an Oregon corporation with its principal place of business in Beaverton, Oregon.

1

3. At all relevant times hereto, Plaintiff SHAWNE MERRIMAN was, and presently is, a resident and citizen of the State of California, residing in the County of San Diego.

4. Defendant's actions alleged herein were those of itself, its agents and/or licensees.

## JURISDICTION AND VENUE

5. This Court's jurisdiction rests upon 15 U.S.C. §§ 1121(a), 28 U.S.C. §§ 1338(a) & (b), and 28 U.S.C. § 1367(a).

6. This Court has jurisdiction over the federal trademark infringement claim pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).

7. This Court has jurisdiction over the federal false endorsement claim pursuant to 15 U.S.C. § 1125(a).

8. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and § 1367(a) as all claims herein form part of the same case or controversy.

9. Personal jurisdiction exists over the Defendant because it conducts substantial business in California and therefore has sufficient contacts such that it would not offend traditional notions of fair play and substantial justice to subject Defendant to suit in this forum. Defendant purposefully directed its harmful conduct alleged below at this forum, and purposefully availed itself of the benefits of California with respect to the claims alleged herein. A substantial part of the protected intellectual property in this action exists in this district.

10. Venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. §1400 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

# FACTUAL ALLEGATIONS

## The Valuable LIGHTS OUT Trademark

11.     Plaintiff Shawne Merriman is a San Diego resident that turned his passion for football into a nationally recognized brand.  By high school, Shawne Merriman had earned himself the nickname "Lights Out" when, while at Frederick Douglass High School, he rendered four opposing players unconscious in the first half of one football game.

12.     After a distinguished collegiate career, Shawne Merriman made the 2005 NFL Draft, joined the Chargers and earned Defensive Rookie of the Year in his first season.  His success brought the "Lights Out" nickname to fast national (and indeed international) prominence.  The "Lights Out" nickname is readily associated with Shawne Merriman and his successful professional athletic career.

13.     Shawne Merriman saw an opportunity to develop a LIGHTS OUT brand that could motivate and excite consumers, a brand that could carry a message during and long after his NFL days.   In 2007, Shawne Merriman acquired U.S. Registration No. 2,885,212 (the '212 Registration) for LIGHTS OUT, along with all trademark rights and goodwill from the prior registrant.  Shortly thereafter, he assigned those rights to the company dedicated to further expanding the brand, Plaintiff Lights Out Holdings, LLC.

14.     The '212 Registration covers a broad range of apparel: "Clothing for men, women and children, namely, bottoms, boxer shorts, caps, hats, headwear, night wear, shirts, shorts, sleepwear, sweatshirts, tank tops, tops, T-shirts, underwear."  The registration enjoys a priority date of February 10, 2003, well before Nike's first use of LIGHTS OUT.  Because of its long-standing registration since September 14, 2004, the LIGHTS OUT mark became incontestable on September 15, 2010.

15.     The '212 Registration is attached as **Exhibit A** hereto.  Attached as **Exhibit B** is a true and correct copy of assignment record from the USPTO's TESS

online database, listing Lights Out as the owner of the '212 Registration.

16. Since then, and long exceeding Shawne Merriman's March 5, 2013 retirement from the NFL, Lights Out's LIGHTS OUT apparel has enjoyed substantial success and popularity, and has been sold by Wal-Mart and ShawneMerriman.com, among other retailers. The LIGHTS OUT apparel has been continuously used and sold and is extremely valuable to Lights Out.

### Nike's Infringing LIGHTS OUT Shirts and Other Apparel

17. In light of the prominence brought to the brand by Shawne Merriman's NFL success, Nike entered into negotiations with Shawne Merriman on or about 2006 or 2007 for a LIGHTS OUT apparel line. Nike has a history of creating product lines to associated with famous athletes, including Nike Jordan, Nike Livestrong, Nike Lebron James Collection, and Nike Bones Owns. Such use symbolized to the consumer (and indeed is intended to symbolize) an association with the athlete connected to the title, and naturally the LIGHTS OUT mark offered a powerful and distinct marketing advantage for Nike.

18. However, those negotiations were ultimately unsuccessful. Nevertheless, after these discussions Nike decided to use the LIGHTS OUT clothing brand anyways.

19. Nike uses the LIGHTS OUT mark for the LIGHTS OUT apparel line that distinguishes the clothing from other clothing lines and brands, and indeed has attained substantial success as a result of the powerful trademark. The clothing includes a wide variety of target markets, including general sports apparel, football products (e.g. jerseys), and baseball apparel, all of which plays off of the goodwill associated with the LIGHTS OUT mark.

20. Nike knew that the LIGHTS OUT mark belonged to Shawne Merriman, and on information and belief was aware of the '212 Registration specifically protecting the mark for a broad array of apparel. Nike's adoption of the LIGHTS

OUT mark for use with apparel was intentional and a knowing violation of Lights Out's valuable rights. Nike has made substantial sales of the LIGHTS OUT apparel since it began its infringement.

21. Immediately after Lights Out saw that Nike was using its LIGHTS OUT mark, Lights Out contacted Nike.

22. When Lights Out demanded that Nike cease and desist use of the LIGHTS OUT mark in December 2013, Nike refused to acknowledge that its conduct was infringing, and instead has continued selling the LIGHT OUT apparel up to the present. Despite repeated efforts to negotiate a resolution without litigation, Nike has refused to acknowledge its substantial infringement of the LIGHTS OUT brand. Accordingly, Lights Out brings this suit to protect its valuable trademark rights and seek recovery for their violation.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114, 1125 *et seq.* and Common Law)
## (On Behalf of Plaintiff Lights Out as Against Defendant)

23. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

24. Plaintiff owns the LIGHTS OUT mark, including the incontestable '212 Registration.

25. Defendant has used the LIGHTS OUT mark or a confusingly similar variation of the mark in connection with the sale, offering for sale, distribution or advertising of goods and/or services. The marks are identical, used on the same goods (including shirts and football products such as jerseys), targeted at the same audience (including sports aficionados), and Nike's adoption was willful.

26. Defendant's use of the infringing mark has caused confusion in the marketplace, is likely to cause both confusion and mistake, and is likely to deceive

consumers; the marks used by Defendant are identical or substantially similar in sound, appearance and meaning to Plaintiff's trademark.

27. Such use was done willfully and with knowledge that such use would or was likely to cause confusion and deceive others.

28. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has been damaged within the meaning of 15 U.S.C. § 1114 *et seq*.

29. Defendant's use constitutes a counterfeit, which was willfully used, and thus Lights Out is entitled to statutory damages of up to $2 million per counterfeit mark per type of goods or services sold, offered for sale, or distributed, under 15 U.S.C. § 1117.

30. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has been damaged within the meaning of 15 U.S.C. § 1125 *et seq*.

31. Plaintiff has suffered damages in an amount to be established after proof at trial or in the statutory amount.

32. Plaintiff is further entitled to disgorge Defendant's profits for its willful sales and unjust enrichment.

33. This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendant's acts were malicious, fraudulent, deliberate and willful, and taken in bad faith, entitling Plaintiff to its attorney's fees and a trebling of its damages.

34. Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendant. Thus, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

# SECOND CAUSE OF ACTION

## STATUTORY (Cal. B&P 17200 *et seq.*) AND COMMON LAW UNFAIR COMPETITION

**(On Behalf of Plaintiff Lights Out as Against Defendant)**

35. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

36. Plaintiff has trademark rights throughout the entire United States and California to the mark LIGHTS OUT.

37. Defendant has committed acts of unfair competition, including the practices and conduct referred to in this Complaint.  These actions constitute unlawful, unfair or fraudulent business acts or practices, and/or unfair, deceptive, untrue or misleading business practices.  The actions were done in connection with sales or advertising.

38. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill.  As such, Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendant.  Accordingly, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

39. By reason of such wrongful acts, Plaintiff is and was, and will be in the future, deprived of, among other damages, the profits and benefits of business relationships, agreements, and transactions with various third parties and/or prospective business relationship.  Defendant has wrongfully obtained profit and benefits instead of Plaintiff.  Plaintiff is entitled to compensatory damages and disgorgement of Defendant's said profits, in an amount to be proven at trial.

40. Such acts, as alleged above, were done with malice, oppression and/or fraud, thus entitling Plaintiff to exemplary and punitive damages.

# THIRD CAUSE OF ACTION

## STATUTORY FALSE ENDORSEMENT

### (15 U.S.C. § 1125 *et seq.* and Common Law)

### (On Behalf of Plaintiff Shawne Merriman as Against Defendant)

36. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

37. Plaintiff is a publicly known professional sports athlete who enjoys nationwide celebrity status. Plaintiff's nickname "Lights Out" is a uniquely distinguishing characteristic of his celebrity persona.

38. Defendant has used the LIGHTS OUT mark or a confusingly similar variation of the mark in connection with the sale, offering for sale, distribution or advertising of goods and/or services. The mark is identical to Plaintiff's famous "Lights Out" nickname, is used on sports-related goods (including shirts and football products such as jerseys), and is targeted to sports aficionados, and Nike's adoption was willful.

39. Through the use of the LIGHTS OUT mark that is publicly associated with Plaintiff, Defendant is knowingly and intentionally misrepresenting and falsely designating to the general public the affiliation, connection, association, origin, source, sponsorship, endorsement, and approval of its Lights Out apparel line by Plaintiff.

40. Defendant's use of the infringing mark has caused confusion in the marketplace, is likely to cause both confusion and mistake, and is likely to deceive consumers as to the affiliation, connection, association, origin, source, sponsorship, or approval of Nike's Lights Out apparel line by Plaintiff; the marks used by Defendant are identical or substantially similar in sound, appearance and meaning to Plaintiff's mark—his nickname "Lights Out."

41. Defendant's acts constitute false endorsement and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

42. As a direct and proximate result of Defendant's false endorsement Plaintiff has been damaged within the meaning of 15 U.S.C. § 1125 *et seq*.

43. Plaintiff has suffered damages in an amount to be established after proof at trial or in the statutory amount.

44. Plaintiff is further entitled to disgorge Defendant's profits for its willful sales and unjust enrichment.

45. This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendant's acts were malicious, fraudulent, deliberate and willful, and taken in bad faith, entitling Plaintiff to its attorney's fees and a trebling of its damages.

46. Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendant.  Thus, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

WHEREFORE, Plaintiff demands the following relief for each cause of action unless otherwise noted:

1. A judgment in favor of Plaintiffs and against Defendant on all counts;

2. A preliminary and permanent injunction from trademark infringement, false endorsement, and unfair business practices by Defendant;

3. Damages in an amount to be determined at trial;

4. Defendant's unjust enrichment and/or disgorgement of Defendant's profits;

5. Trebling of damages for willful infringement, unfair competition and dilution;

5. Exemplary and punitive damages (except as to relief for Cal. B&P 17200 *et seq*.);

1     6.     Pre-judgment interest at the legally allowable rate on all amounts owed;

2     7.     Statutory damages of up to $2 million under 15 U.S.C. § 1117(c) for infringement of a registered mark, including by use of a counterfeit mark;

    8.     Costs and expenses;

    9     Attorney's fees and other fees under, among others, 15 U.S.C. § 1117(a) *et seq*. as an exceptional case;

    10.     Restitution; and

    11.     Such other and further relief as this Court may deem just and proper.

Dated:  October 10, 2014         MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

        By *s/Ben L. Wagner, Esq.*
           Andrew D. Skale
           Ben L. Wagner

        Attorneys for Plaintiff
        LIGHTS OUT HOLDINGS, LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues that are so triable.

Dated: October 10, 2014

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

By *s/Ben L. Wagner, Esq.*
Andrew D. Skale
Ben L. Wagner

Attorneys for Plaintiff
LIGHTS OUT HOLDINGS, LLC.