STANLEY J. PANIKOWSKI (Bar No. 224232)
stanley.panikowski@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

GINA L. DURHAM (Bar No. 295910)
gina.durham@dlapiper.com
NIKKYA WILLIAMS (Bar No. 297006)
nikkya.williams@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: 415.836.2500
Fax: 415.836.2501

Attorneys for Defendant
NIKE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LIGHTS OUT HOLDINGS, LLC, a California limited liability company, SHAWNE MERRIMAN,

Plaintiffs,

vs.

NIKE, INC., an Oregon corporation,

Defendant.

Case No. 14-cv-0872 JAH NLS

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS OF DEFENDANT NIKE, INC.**

**DEMAND FOR JURY TRIAL**

Defendant NIKE, Inc. ("Nike") hereby answers the First Amended Complaint ("FAC") of Plaintiffs Lights Out Holdings, LLC and Shawne Merriman (collectively, "Plaintiffs"). Paragraph numbers in this document correspond to the paragraph numbers of the FAC and respond to all allegations of the corresponding FAC paragraph, up to the Affirmative Defenses section of this document. Within each paragraph, if an allegation is not expressly admitted, it is denied. Nike

/////

generally denies the allegations of wrongful conduct in the FAC and denies any and all liability alleged in the FAC.

**THE PARTIES**

1. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 1, and on that basis, denies them.

2. Nike admits the allegations in Paragraph 2.

3. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 3, and on that basis, denies them.

4. Because Paragraph 4 refers solely to other allegations of the FAC, Nike incorporates by reference its responses to the other allegations of the FAC. To the extent a further response is required, Nike denies the allegations in Paragraph 4.

**JURISDICTION AND VENUE**

5. Paragraph 5 does not assert factual allegations, so no response is required. Nike does not challenge this Court's subject matter jurisdiction over this action. To the extent a further response is required, Nike denies the allegations in Paragraph 5.

6. Paragraph 6 does not assert factual allegations, so no response is required. Nike does not challenge this Court's subject matter jurisdiction over this action. To the extent a further response is required, Nike denies the allegations in Paragraph 6.

7. Paragraph 7 does not assert factual allegations, so no response is required. Nike does not challenge this Court's subject matter jurisdiction over this action. To the extent a further response is required, Nike denies the allegations in Paragraph 7.

8. Paragraph 8 does not assert factual allegations, so no response is required. Nike does not challenge this Court's subject matter jurisdiction over this action. To the extent a further response is required, Nike denies the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. Nike admits that it conducts substantial business in California. Nike does not contest this Court's personal jurisdiction over Nike with respect to this action. Nike denies the remaining allegations in Paragraph 9.

10. Nike denies the allegations in Paragraph 10, but does not contest venue in this district.

**FACTUAL ALLEGATIONS**

11. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 11, and on that basis, denies them.

12. Nike admits that Shawne Merriman was selected by the San Diego Chargers in the 2005 National Football League Draft, that he became a football player for the Chargers in 2005, and that he was named the Associated Press National Football League Defensive Rookie of the Year after his first season with the Chargers. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 12, and on that basis, denies them.

13. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 13, and on that basis, denies them.

14. Nike admits that United States Trademark Registration No. 2,885,212 exists. Nike denies that the registration is valid and incontestable. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 14, and on that basis, denies them.

15. Nike admits that Plaintiffs have attached as Exhibit A to the FAC a certificate of registration that purports to be United States Trademark Registration No. 2,885,212. Nike admits that Plaintiffs have attached as Exhibit B to the FAC a purported record from the USPTO's TESS database. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 15, and on that basis, denies them.

16. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 16, and on that basis, denies them.

17. Nike admits and alleges that Nike is the world's leading innovator in athletic footwear, apparel, equipment and accessories; that Nike believes its mission is to bring inspiration and innovation to every athlete in the world; and that Nike innovates to serve the athlete and works closely with athletes to understand their needs. Nike denies the remaining allegations in Paragraph 17.

18. Nike denies the allegations in Paragraph 18.

19. Nike denies the allegations in Paragraph 19.

20. Nike denies the allegations in Paragraph 20.

21. Nike denies that it has ever used the alleged LIGHTS OUT trademark. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 21, and on that basis, denies them.

22. Nike admits that it has denied that it ever infringed the alleged LIGHTS OUT trademark. Nike denies the remaining allegations in Paragraph 22.

## FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT

## (15 U.S.C. §§ 1114, 1125 *et seq*. and Common Law)

23. Paragraph 23 is an incorporation paragraph to which no response is necessary. To the extent a response is required, Nike incorporates by reference its responses to all other paragraphs in the FAC.

24. Nike denies that United States Trademark Registration No. 2,885,212 is valid and incontestable. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 24, and on that basis, denies them.

25. Nike denies the allegations in Paragraph 25.

26. Nike denies the allegations in Paragraph 26.

27. Nike denies the allegations in Paragraph 27.

28. Nike denies the allegations in Paragraph 28.

29. Nike denies the allegations in Paragraph 29.

30. Nike denies the allegations in Paragraph 30.

31. Nike denies the allegations in Paragraph 31.

32. Nike denies the allegations in Paragraph 32.

33. Nike denies the allegations in Paragraph 33.

34. Nike denies the allegations in Paragraph 34.

**SECOND CAUSE OF ACTION**

**STATUTORY (Cal. B&P 17200 *et seq.*) AND COMMON LAW UNFAIR COMPETITION**

35. Paragraph 35 is an incorporation paragraph to which no response is necessary. To the extent a response is required, Nike incorporates by reference its responses to all other paragraphs in the FAC.

36. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 36, and on that basis, denies them.

37. Nike denies the allegations in Paragraph 37.

38. Nike denies the allegations in Paragraph 38.

39. Nike denies the allegations in Paragraph 39.

40. Nike denies the allegations in Paragraph 40.

/////

/////

/////

/////

/////

/////

/////

/////

/////

## THIRD CAUSE OF ACTION

## STATUTORY FALSE ENDORSEMENT (15 U.S.C. § 1125 et seq. and Common Law)

36. [Second] Paragraph 36[1] is an incorporation paragraph to which no response is necessary. To the extent a response is required, Nike incorporates by reference its responses to all other paragraphs of the FAC.

37. Nike lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in [second] Paragraph 37, and on that basis, denies them.

38. Nike denies the allegations in [second] Paragraph 38.

39. Nike denies the allegations in [second] Paragraph 39.

40. Nike denies the allegations in [second] Paragraph 40.

41. Nike denies the allegations in the Paragraph 41.

42. Nike denies the allegations in Paragraph 42.

43. Nike denies the allegations in Paragraph 43.

44. Nike denies the allegations in Paragraph 44.

45. Nike denies the allegations in Paragraph 45.

46. Nike denies the allegations in Paragraph 46.

The 12 numbered paragraphs (there are two paragraphs numbered "5") following Paragraph 46 constitute Plaintiffs' prayer for relief and do not themselves contain any factual allegations. To the extent a response is required, Nike denies any factual allegations in these paragraphs and further denies that Plaintiffs are entitled to any of the requested relief.

/////

[1] The Third Cause of Action in Plaintiffs' FAC repeats the paragraph numbers 36-40 even though those paragraph numbers are also used in the Second Cause of Action. For clarity in responding to these allegations, Nike has prefaced its references to the repeat paragraph numbers with "[second]."

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The FAC fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel by laches. Nike has relied to its detriment upon Plaintiffs' delay.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel by acquiescence. Nike has relied to its detriment upon Plaintiffs' acquiescence and delay.

### Fourth Affirmative Defense

Nike's alleged use of the phrase "lights out" is not a trademark use and/or constitutes fair use, and thus cannot constitute trademark infringement.

### Fifth Affirmative Defense

The '212 Registration is invalid and unenforceable.

### Sixth Affirmative Defense

Plaintiffs abandoned use of the alleged LIGHTS OUT mark as associated with the '212 Registration.

### Seventh Affirmative Defense

As a result of Plaintiffs' maintenance of alleged trademark rights through false declarations or representations, Plaintiffs' claims are barred by the doctrine of unclean hands and/or trademark misuse.

### Eighth Affirmative Defense

Plaintiffs' claims are barred because the terminology "lights out" fails to function as a trademark. The terminology is used ornamentally and does not function to identify Plaintiffs' goods or to distinguish them from the goods offered by others, and thus Plaintiffs are not entitled to maintain this suit or to assert infringement.

**Ninth Affirmative Defense**

Plaintiff Merriman's claim for false endorsement is barred because the terminology "lights out" is not uniquely connected to his person or persona in the minds of consumers.

**WHEREFORE**, for the foregoing reasons, Nike respectfully requests that this Court dismiss this action in its entirety, with prejudice, that Nike be awarded its attorney's fees and costs, and that Nike be awarded such further relief as this Court deems just and proper.

**COUNTERCLAIMS**

Defendant/Counterclaimant NIKE, Inc. ("Nike") hereby brings its counterclaims against Plaintiffs/Counter-Defendants Lights Out Holdings, LLC ("Lights Out") and Shawne Merriman ("Merriman") (collectively "Counter-Defendants") and alleges as follows:

**The Parties**

1. Counterclaimant NIKE, Inc. is an Oregon corporation with its principal place of business in Beaverton, Oregon.

2. Upon information and belief, Counter-Defendant Lights Out is a California limited liability company with its principal place of business in San Diego, California.

3. Upon information and belief, Counter-Defendant Merriman is a resident of San Diego, California. Merriman personally participated in and had the ability to direct and control the activities alleged herein.

**Jurisdiction and Venue**

4. On April 13, 2014, Counter-Defendant Lights Out filed its lawsuit for trademark infringement and unfair competition against Nike.

5. On December 1, 2014, Counter-Defendants filed a First Amended Complaint.

6. This Court has subject matter jurisdiction over Nike's counterclaims under the provisions of 15 U.S.C. § 1121.

7. This Court also has subject matter jurisdiction over Nike's counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

8. An actual, substantial and continuing justiciable controversy exists between Nike and Counter-Defendants with respect to which Nike requires a declaration of rights.

9. By filing this lawsuit, Counter-Defendants have consented to the personal jurisdiction of this Court.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11. Lights Out has asserted that it is the owner of U.S. Registration No. 2,885,212 (the "'212 Registration").

12. Upon information and belief, the '212 Registration was originally owned by Loomworks Apparel, Inc. ("Loomworks") and used in connection with loungewear and intimate apparel for women.

13. Lights Out has alleged that Merriman purchased the '212 Registration from Loomworks, along with all the goodwill associated with the alleged LIGHTS OUT mark, but, upon information and belief, Merriman did not purchase or receive an assignment of goodwill when he acquired the '212 Registration.

14. Upon information and belief, upon Merriman's receipt of the '212 Registration, Merriman did not continue to use the alleged LIGHTS OUT mark in connection with loungewear and intimate apparel for women.

15. Upon information and belief, the purchase of the '212 Registration was designed to create merely the appearance of earlier trademark rights.

16. Upon information and belief, after Merriman's alleged transfer of the '212 Registration to Lights Out, Lights Out did not continue to use the alleged LIGHTS OUT mark in connection with loungewear and intimate apparel for

women and does not currently use the alleged LIGHTS OUT mark in connection with loungewear and intimate apparel for women.

17. Upon information and belief, the alleged assignment of the ’212 Registration from Loomworks to Merriman was an assignment-in-gross and, therefore, the assignment was invalid.

18. Upon information and belief, the alleged assignment of the ’212 Registration from Merriman to Lights Out was an assignment-in-gross and, therefore, the assignment was invalid.

19. Upon information and belief, Lights Out has abandoned any proprietary interest in the phrase “lights out” by virtue of the aforementioned assignment-in-gross and by virtue of making only ornamental use of the phrase on apparel rather than making use as a trademark.

20. Lights Out has nonetheless asserted the ’212 Registration against Nike as a purported basis to interfere with one of Nike’s baseball-related apparel lines and to seek monetary payment from Nike.

21. Nike, however, has not used and does not use the phrase “lights out” as a trademark.

22. Merriman has alleged that his nickname, “Lights Out,” is a unique signifier of his person and persona in the minds of consumers.

23. Merriman has further alleged that Nike’s non-trademark use of the terminology “lights out” is likely to cause confusion as to Merriman’s affiliation, connection, association, origin, source, sponsorship, endorsement and approval with Nike’s baseball-related apparel.

24. However, among other things, the phrase “lights out” has been used in sports generally to describe athletes at the top of their game or an exceptional athletic performance.

/////

/////

**FIRST COUNTERCLAIM**

**(Declaration of Non-Infringement and No False Endorsement)**

25. Nike incorporates and re-alleges Paragraphs 1-24 as if fully set forth herein.

26. Lights Out has sued Nike in the present action, alleging trademark infringement and unfair competition relating to the purported LIGHTS OUT trademark. As a result of at least the allegations contained in the FAC and Nike's denial of the same, an immediate, real and justiciable controversy exists between Nike and Lights Out with respect to the alleged infringement of the purported LIGHTS OUT trademark.

27. Merriman has sued Nike in the present action, alleging false endorsement relating to Nike's use of the terminology "lights out." As a result of at least the allegations contained in the FAC and Nike's denial of the same, an immediate, real and justiciable controversy exists between Nike and Merriman with respect to the alleged false endorsement.

28. Counter-Defendants also contend that such alleged infringement and alleged false endorsement have caused Counter-Defendants to suffer damages and irreparable injury.

29. Nike has not infringed, and does not infringe, directly, vicariously, contributorily or in any other way, the purported LIGHTS OUT trademark or any rights of Merriman.

30. Nike is entitled to a declaratory judgment that it has not and does not infringe, directly, vicariously, contributorily or in any other way, the purported LIGHTS OUT trademark and that its use of the terminology "lights out" does not create a false endorsement.

/////

/////

/////

**SECOND COUNTERCLAIM**

**(Declaration of Invalidity and Cancellation of U.S. Registration No. 2,885,212)**

31. Nike incorporates and re-alleges Paragraphs 1-30 as if fully set forth herein.

32. Lights Out has sued Nike in the present action, alleging trademark infringement and unfair competition relating to the purported LIGHTS OUT trademark. As a result of at least the allegations contained in the FAC and Nike's denial of the same, an immediate, real and justiciable controversy exists between Nike and Lights Out with respect to the alleged infringement of the purported LIGHTS OUT trademark.

33. Lights Out claims trademark rights in the '212 Registration based on an alleged assignment from Merriman, in which Merriman purported to transfer the LIGHTS OUT trademark, along with the associated goodwill.

34. Merriman claimed trademark rights in the '212 Registration based on an alleged assignment from Loomworks, in which Loomworks purported to transfer the LIGHTS OUT trademark, along with the associated goodwill.

35. The alleged transfers from Loomworks to Merriman and from Merriman to Counter-Defendant were naked assignments or assignments-in-gross, in that the goodwill and business associated with the '212 Registration were not transferred, in violation of 15 U.S.C. § 1060.

36. Accordingly, Lights Out cannot establish that it has federal trademark rights in the alleged LIGHTS OUT mark.

37. Nike is entitled to a declaratory judgment that the assignments from Loomworks to Merriman and from Merriman to Lights Out were assignments-in-gross and did not validly transfer whatever rights Loomworks had in the alleged LIGHTS OUT mark to Merriman or Lights Out.

/////

/////

38. By virtue of Lights Out's continued assertion of the '212 Registration against Nike, Nike is being damaged by the '212 Registration, and such registration should be cancelled by this Court under authority of 15 U.S.C. § 1119.

**THIRD COUNTERCLAIM**

**(Declaration of Abandonment)**

39. Nike incorporates and re-alleges Paragraphs 1-38 as if fully set forth herein.

40. Lights Out has sued Nike in the present action, alleging trademark infringement and unfair competition relating to the purported LIGHTS OUT trademark. As a result of at least the allegations contained in the FAC and Nike's denial of the same, an immediate, real and justiciable controversy exists between Nike and Lights Out with respect to the alleged infringement of the purported LIGHTS OUT trademark.

41. Lights Out has alleged that Merriman acquired the '212 Registration in 2007 and transferred the '212 Registration to Lights Out in 2007.

42. Upon information and belief, neither Merriman nor Lights Out has used the alleged LIGHTS OUT mark for loungewear or intimate apparel for women since 2007, the goods in connection with which the alleged LIGHTS OUT mark that is the subject of the '212 Registration was used and with which the goodwill associated with the alleged LIGHTS OUT mark was developed.

43. Accordingly, the alleged LIGHTS OUT mark has been abandoned through non-use of more than three years.

44. Nike is entitled to a declaratory judgment that the alleged LIGHTS OUT mark that is the subject of the '212 Registration has been abandoned.

45. By virtue of Lights Out's continued assertion of the '212 Registration against Nike, Nike is being damaged by the '212 Registration, and such registration should be cancelled by this Court under authority of 15 U.S.C. § 1119.

/////

**FOURTH COUNTERCLAIM**

**(Procurement of Registration through False or Fraudulent Declaration or Representation Pursuant to 15 U.S.C. § 1120)**

46. Nike incorporates and re-alleges Paragraphs 1-45 as if fully set forth herein.

47. Upon information and belief, when Merriman purportedly acquired the ’212 Registration, he had no intention of continuing the business associated with the ’212 Registration.

48. Upon information and belief, when Lights Out purportedly acquired the ’212 Registration, it had no intention of continuing the business associated with the ’212 Registration.

49. Upon information and belief, when Lights Out submitted its declaration in support of its renewal of the ’212 Registration, it knew that it had not continued the business or otherwise maintained the goodwill associated with the ’212 Registration, but, upon information and belief, Merriman nevertheless signed and directed submission of the declaration.

50. Upon information and belief, Lights Out represented that the LIGHTS OUT mark as associated with the ’212 Registration was still in use with the same business and goodwill in its renewal declaration in order to induce the United States Patent and Trademark Office (“USPTO”) to grant the renewal.

51. Upon information and belief, the USPTO relied on Lights Out’s representation in granting the renewal.

52. By virtue of Lights Out’s continued assertion of the ’212 Registration against Nike, Nike is being damaged by the renewal of the ’212 Registration, and Nike is entitled to damages under 15 U.S.C. § 1120.

/////

/////

/////

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant Nike prays for relief as follows:

A. That Counter-Defendants' FAC against Nike be dismissed in its entirety with prejudice and that a judgment be entered in favor of Nike and against Counter-Defendants;

B. That Counter-Defendants take nothing by reason of their FAC;

C. For an entry of judgment declaring that Nike has not infringed and does not infringe, directly, vicariously, contributorily or in any other way, any purported right of Counter-Defendants in the phrase "Lights Out";

D. For an entry of judgment declaring that the assignment from Loomworks to Merriman was an assignment-in-gross and therefore invalid;

E. For an entry of judgment declaring that the assignment from Merriman to Lights Out was an assignment-in-gross and therefore invalid;

F. For an entry of judgment declaring that Counter-Defendants abandoned the alleged LIGHTS OUT mark that is the subject of the '212 Registration;

G. That the Court enter an order instructing the USPTO to cancel the '212 Registration;

H. For an award of damages;

I. For an award of Nike's attorney's fees and costs; and

J. That Nike be granted all such other and further relief as the Court deems just and proper.

/////

/////

/////

/////

/////

/////

**JURY DEMAND**

Nike demands a trial by jury on all claims and defenses so triable.

Dated: December 18, 2014

DLA PIPER LLP (US)

By */s/ Stanley J. Panikowski*
STANLEY J. PANIKOWSKI
GINA L. DURHAM
NIKKYA WILLIAMS
Attorneys for Defendant
NIKE, INC.

# CERTIFICATE OF SERVICE

I hereby certify that, on December 18, 2014, I electronically filed the above Answer to First Amended Complaint and Counterclaims of Defendant Nike, Inc. with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following counsel of record who are deemed to have consented to electronic service per Civil Local Rule 5.4:

Andrew D. Skale, Esq.
Benjamin L. Wagner, Esq.
Mintz Levin Cohn Ferris Glovsky and Popeo P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Ph: (858) 314-1500
Fax: (858) 314-1501
Email: askale@mintz.com
Email: bwagner@mintz.com

*/s/ Stanley J. Panikowski*
Stanley J. Panikowski