UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGHTS OUT HOLDINGS, LLC, a California limited liability company; SHAWNE MERRIMAN,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NIKE, INC., an Oregon corporation,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:14-cv-00872-JAH-NLS<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>(Dkt. No. 70) |

## I.　INTRODUCTION

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. (Dkt. No. 70.) Plaintiffs Lights Out Holdings, LLC ("LOH") and Shawne Merriman ("Merriman") request the Court to compel Defendant Nike, Inc. ("Nike") to produce further documents and information in response to certain discovery requests pertaining to allegedly unauthorized and counterfeit Nike football jerseys that use the Lights Out mark. For the reasons explained below, the Court **GRANTS** Plaintiffs' request to compel Nike to produce further documents and information responsive to discovery requests at issue, **ORDERS** the parties to meet and confer as specified herein.

/

## II. RELEVANT FACTUAL BACKGROUND

Plaintiffs filed this action against Nike asserting claims for trademark infringement, federal and common law unfair competition, and false endorsement. Nike asserts counterclaims for declaratory judgment of non-infringement, declaratory judgment of invalidity and cancellation of the '212 Registration, declaratory judgment of abandonment, and also asserted a counterclaim for procurement of the Registration through false or fraudulent declaration or representation.

On April 29, 2015, LOH served Special Interrogatories Set Two to Nike. Plaintiffs also served Requests for Production Set Two to Nike ("Plaintiff's RFPs"). On May 1, 2015, Merriman served his Special Interrogatories Set Two to Nike.

On June 4, 2015, Nike served its responses to all three sets of discovery. In Nike's responses, Nike objected to producing documents and information in response to Plaintiffs' RFP Numbers 16, 19, 22 and 23, and LOH Interrogatory Number 14, which are the discovery requests presently at issue. These requests sought documents and information regarding allegedly unauthorized and counterfeit Nike football jerseys that use the Lights Out mark.[1]

On June 9, 2015, the parties met and conferred about Nike's responses, and the parties agreed to proceed with production on the discovery requests at issue despite Nike's

---

[1] The discovery requests at issue are as follows:
Plaintiffs' RFP No. 16: "All Documents Relating to Nike football jerseys which use 'Lights Out' in any manner, whether Nike contends them to be authentic or counterfeit. Without limit, this includes the products identified in LO01608 and LO01630 through LO01712." (Dkt. No. 70 at 9-10.)
Plaintiffs' RFP No. 19: "All Communications Relating to football jerseys marketed or sold as Nike jerseys which 'Lights Out' was used on or in connection with." (Id. at 13.)
Plaintiffs' RFP No. 22: "All Documents Relating to Your investigation of Your own use of 'Lights Out' on or in connection to football jerseys purporting to be Nike jerseys." (Id. at 16.)
Plaintiffs' RFP No. 23: "All Documents Relating to Your investigation of any third-party use of 'Lights Out' on or in connection with football jerseys purporting to be Nike jerseys." (Id. at 19.)
LOH's Interrogatory No. 14: "State the facts detailing Nike's actions relating to any counterfeit or unauthorized third-party use of the Nike brand name for products that also use the phrase 'Lights Out' in any manner, including but not limited to any threatened or actual litigation relating to such matters and the identify of such third parties." (Id. at 23.)

belief that the requests are, *inter alia*, not reasonably calculated to lead to the discovery of admissible evidence. The parties again met and conferred on June 24, 2015, about the supplemental production and when Nike would produce it.

On July 1, 2015, Nike made its supplemental production. The production consisted of two documents -- a settlement agreement and an investigative report. Nike also served a supplemental interrogatory response that referred to the documents it produced, per Federal Rule of Civil Procedure 33(d). On July 6, 2015, the parties again met and conferred to discuss Plaintiffs' perceived deficiencies in the supplemental production. Nike disagreed the production was deficient but offered to conduct additional searches for the documents. Plaintiffs responded that they planned to seek the Court's involvement in the dispute.

On July 10, 2015, the parties filed the present joint motion for determination of discovery dispute regarding Plaintiffs' RFP Numbers 16, 19, 22 and 23, and LOH's Interrogatory Number 14. (Dkt. No. 70.) Also on July 10, 2015, Nike served supplemental responses. Those supplemental responses reflected that, as demonstrated by its supplemental production, Nike had agreed to produce non-privileged documents responsive to the requests at issue.

### III.  DISCUSSION

#### a. Existence Of A Discovery Dispute

As an initial matter, the Court addresses the parties' arguments regarding whether a dispute about these discovery requests exists. Nike contends no dispute exists because it already agreed to conduct an additional search after Plaintiffs complained of the allegedly deficient production. (Dkt. No. 70, pp. 6-9). As such, Nike avers the Court should deny Plaintiffs' request. Plaintiffs contend a dispute over the discovery requests exists because they received an allegedly deficient production. They further contend that after approximately 30 days of meeting and conferring, it was apparent they would need the Court's involvement. (Id. at 5-6.)

The Court finds this discovery dispute appropriate for determination. It appears

Plaintiffs brought this dispute before the Court so they could preserve their ability to contest Nike's allegedly deficient production within the time permitted. *See* Chambers Rule VI.C (requiring discovery disputes be brought within 45 days of the date of the event giving rise to the dispute.) Accordingly, the Court turns to the substance of the parties' arguments pertaining to the requests.

### b. Relevance Of The Discovery Sought In Plaintiffs' RFP Numbers 16, 19, 22 And 23, And LOH's Interrogatory Number 14

The Court set forth the standard governing discovery in its previous discovery order. (*See* Dkt. No. 65.) As such, the Court briefly discusses the relevancy requirements of Rule 26 herein.

A party may obtain discovery regarding any non-privileged information that is relevant to any claim or defense. FED. R. CIV. P. 26(b)(1). Once the party seeking discovery establishes that the request meets this broadly-construed relevancy requirement, "the party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DIRECTV, Inc. v. Trone,* 209 F.R.D. 455, 458 (C.D. Cal. 2002) *(citing Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975)).

In their Joint Motion, the parties assert the same arguments regarding relevance for each of the discovery requests at issue. The Court's discussion on the issue of relevance therefore applies to each of Plaintiffs' requests.

Here, Plaintiffs contend the documents sought are relevant because communications may show admissions by Nike of ownership of the Lights Out mark, which would be directly relevant to Nike's assertion that it never made trademark use of the mark and likewise would raise credibility issues that may affect affirmative defenses. (Dkt. No. 70 at 11.) Nike contends the discovery sought is not relevant because it never claimed ownership of the mark, that the only "ownership" issue in this case is whether LOH has rights in the alleged mark, and LOH has the burden of proof. (Id. at 12.)

The Court finds Plaintiffs satisfied their burden to meet the relevancy requirement,

albeit marginally so. The Court discerns the potential for discovering relevant information if, for example, the communications between Nike's anti-counterfeiting department and third-parties contain statements or references to information indicating consumer perceptions of Nike's use of the phrase "lights out" as trademark uses. Additionally, if the documents indicate Nike made statements suggesting ownership in the mark, despite Nike's position that it has never claimed ownership, such information could be relevant to refute Nike's contention that it never made trademark use of the mark.

Plaintiffs also argue the documents sought are relevant to Plaintiffs' damages claim for profits received through Nike's use of the Lights Out mark. This argument, however, is unpersuasive because Plaintiffs fail to explain how a third party's sale of counterfeit jerseys could possibly constitute Nike's use of the Lights Out mark.

Plaintiffs also assert the documents sought are relevant because they are communications, investigations, and records about the use of the Lights Out mark on counterfeit jerseys, and this case is about Nike's use of the mark on sports-related apparel. (Dkt. No. 70 at 11.) Nike avers Plaintiffs' argument provides no discernible reason why their anti-counterfeiting efforts as to third-party sales of counterfeit jerseys have anything to do with Plaintiffs' claims that Nike used the words "lights out" in connection with its sale of Nike-branded products. (Id. at 13.) The Court agrees with Nike, as Plaintiffs' argument is conclusory and does not contain a sufficient explanation to meet their burden to establish relevancy on this ground.

### c. The Parties Shall Meet And Confer To Construct The Searches

Nike stated that after Plaintiffs complained of the allegedly deficient document production, Nike offered to conduct an additional searches for responsive documents, but Plaintiffs did not offer to cooperate in designing the additional search and did not propose search terms.

The Court reminds the parties of the ESI Order entered in this action. That order states the "[p]arties must meet and confer to limit ESI custodians and search terms prior to approaching the Court for assistance on any ESI matters. Each party must use a common

set of search terms for all custodians of another party from whom it seeks ESI." (Dkt. No. 21 at 3.) The ESI Order also states "[e]mail production requests will identify the custodian, search terms, and time frame. The parties will cooperate to identify the proper custodians, proper search terms and proper time frames." (Id.)

Since the parties' meet and confer efforts to construct the additional searches stalled when the parties diverted their efforts to prepare the Joint Motion, the parties are therefore **ORDERED** to meet and confer as follows: Counsel for Plaintiffs, counsel for Nike, and Nike's technology officer(s) (i.e., the individual(s) at Nike who is/are responsible for executing the searches once they are constructed) shall meet and confer no later than ***August 10, 2015*** to discuss and agree upon the proper custodians, search terms and time frame to be used, as well as the timetable for running the searches and producing any responsive documents.

The Court expects Plaintiffs to narrowly tailor the scope of the additional searches they request be conducted, as well as to narrowly tailor the scope of the review and production process. The Court does not approve of unnecessary, wasteful discovery. If the additional searches to be conducted are too broad, the Court will consider a motion by Nike for a protective order to shift the fees and costs of production, should Nike choose to file one.

### d. Potential Privilege And Work Product Doctrine Issues Regarding Plaintiffs' RFP Numbers 22, 23 And LOH Interrogatory Number 14

Lastly, the Court addresses the parties' arguments with respect to potential privilege and work product doctrine issues that may arise with respect to documents located as a result of the additional searches. Plaintiffs argued that any documents responsive to the requests relating to the investigation of Nike's or a third-party's use of the Lights Out mark pertaining to football jerseys purporting to be Nike jerseys (RFP Numbers 22 and 23) is not protected by the attorney-client privilege or work product doctrine unless the communications were expressly undertaken by counsel. (Dkt. Nos. 70 at 17, 21.) Nike responded it has not asserted the position presumed by Plaintiffs' argument, and that

privilege issues are governed by the elements of attorney-client privilege and interpreting and analyzing these elements, and that Plaintiffs have not identified any actual tangible dispute. (Id. at 19, 22-23.)

The Court agrees with Nike that no tangible attorney-client privilege or work product dispute with respect to this issue has yet to be identified. The Court thus need not delve into a discussion at this time addressing the remainder of the parties' position on this issue. If a dispute arises as a result of documents located from the additional searches and withheld on grounds of attorney-client privilege or the work product doctrine, the Court will permit the parties to bring a joint motion on that limited issue, provided it is done within thirty (30) days of receipt of the documents.

## IV. CONCLUSION

Accordingly, for the aforementioned reasons, the Court **ORDERS** that:

1. Plaintiffs' request to compel further production in response to RFP Numbers 16, 19, 22, 23 and LOH's Interrogatory Number 14 is **GRANTED**; and
2. Counsel for both parties and Nike's technology officer(s) shall meet and confer in accordance with the instructions contained in this Order.

**IT IS SO ORDERED.**

Dated: July 31, 2015

Hon. Nita L. Stormes
United States Magistrate Judge